CHIEF JUSTICE TURNAGE,
specially concurring:
I concur in the majority opinion which requires the District Court to enter in the record its reasons for granting summary judgment. The case is properly remanded for such purpose. In reviewing this case upon remand, it is my suggestion that the District Court look at the record with relation to the Justice Court proceeding instituted by Janeva J. Galayda against the appellant and the July 11, 1988, affidavit submitted by Galayda in obtaining a default judgment, apparently for rent.
In part, I make this suggestion for the reason that in the record before us, there is a complaint in Justice Court dated June 16, 1988, wherein Galayda sued Johnson for the reason “that defendant owed back rent from July 1,1988, in the amount of $110 plus late fee in the amount of $10 ...” This complaint was dated June 16, 1988. It is somewhat difficult to understand how back rent could be owed from July 1,1988, when the complaint was filed June 16,1988. In addition, in the deposition of Galayda at page 36, it is indicated that Galayda received a money order postmarked July 4,1988, covering June and July rent in the amount of $220. Galayda stated that the money order did not include the “$10 late fee” which was part of her rental agreements. When Galayda was asked if Johnston had ever signed a rental agreement, Galayda responded, “No, she did not.”
This case undoubtedly is frustrating to the parties and to the court. However, in reviewing the grant of summary judgment and in the interest of justice, I recommend a thorough review of the record.